IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CV-117-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER AND |
| | ) | PERMANENT INJUNCTION |
| RAYMOND A. RENFROW, | ) | |
| individually and d/b/a IDEAL TAX | ) | |
| SERVICES and FIRST CLASS | ) | |
| LIMOUSINE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's motion for summary judgment (DE #25). This court referred the motion to Magistrate Judge James E. Gates for review and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B). Through memorandum and recommendation ("M&R") issued January 26, 2009 (DE #36), the magistrate judge recommends that plaintiff's motion be allowed. No objections to the M&R have been filed, and the time within which to make any objection has expired. This matter is ripe for ruling.

A full and careful review of the M&R and other documents of record convinces the court that the recommendation of the magistrate judge is, in all respects, in accordance with the law and should be approved. Accordingly, the court hereby adopts the findings and recommendation of the magistrate judge as its own, and for the reasons stated in the M&R, plaintiff's motion for summary judgment is GRANTED.

It is therefore ORDERED, pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, that defendant Renfrow, Ideal Tax Services, and First Class Limousine, and their agents, representatives, employees, successors, and all other persons or entities in active concert or participation with defendant Renfrow, Ideal Tax Services, First Class Limousine, or any of them, are permanently enjoined from:

(a) preparing, assisting in the preparation of, or directing the preparation or filing of federal tax returns or forms on behalf of any person or entity other than defendant;

(b) giving any tax advice to any other person or entity for pay;

(c) appearing as a representative on behalf of any person or entity before the Internal Revenue Service;

(d) engaging in conduct subject to penalty under I.R.C. § 6701, including preparing or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position that defendant knows would, if used, result in an understatement of another person's tax liability;

(e) organizing, promoting, marketing, or selling any tax shelter, entity, plan, or arrangement that advises or assists customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including by means of complex trust programs;

(f) engaging in conduct subject to penalty under I.R.C. § 6700, including making, furnishing, or causing another person to make or furnish statements about the allowability of any deduction, credit, or the securing of any tax benefit by reason of participating in a tax shelter,

2

entity, plan, or arrangement, that defendant knows or has reason to know is false or fraudulent;

(g) telling customers that they may continue to control and receive beneficial enjoyment from assets irrevocably transferred to a trust without regard to the grantor trust rules of I.R.C. §§ 673 through 677;

(h) telling customers that personal residences can be transferred to a trust for the purpose of claiming tax deductions for personal expenses in order to reduce federal tax liability;

(i) telling customers that the purchase of American Silver Eagle coins is a deductible business expense;

(j) engaging in any other conduct subject to any penalty under the Internal Revenue Code or any other conduct that interferes with the administration and/or enforcement of the internal revenue laws; and

(k) engaging in any of the activities listed in paragraphs (a) through (j) above through the use of any other individual or entity.

IT IS FURTHER ORDERED that:

(l) **within thirty (30) days of entry of this order,** defendant must file with the court and provide to plaintiff's counsel a complete list of customers (including names, addresses, phone numbers, e-mail addresses, and social security numbers or employer identification numbers) for whom defendant has prepared individual or trust federal income tax returns, or whom defendant has assisted in the creation of any trust entity;

(m) **within thirty (30) days of entry of this order**, defendant must, at his own expense, provide a copy of the complaint and this injunction to each of his customers, employees, and associates, both current and former;

(n) **within forty-five (45) days of entry of this order**, defendant must provide evidence of his compliance with the foregoing paragraph by filing a declaration with this court setting out a complete list of names and addresses of individuals or entities to whom he has mailed a copy of the complaint and injunction in this action; and

(o) the United States shall be permitted to engage in post-injunction discovery to monitor defendant's compliance with this and any other order entered by this court.

SO ORDERED, this the 8th day of March, 2009.

LOUISE W. FLANAGAN
United States District Judge