IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:07-CV-117-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| RAYMOND A. RENFROW, | ) | |
| individually and d/b/a IDEAL TAX | ) | |
| SERVICES and FIRST CLASS | ) | |
| LIMOUSINE, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes now before the court on motion of defendant entitled "Motion to Reconsider Contempt Order For Cancellation" (DE # 47), which motion requests the court now set aside its order holding this defendant in contempt, entered upon the government's motion (DE # 40) and after hearing. The government has not responded.

On March 9, 2009, the court ordered: "within thirty (30) days of entry of this order, defendant must, at his own expense, provide a copy of the complaint and this injunction to each of his customers, employees, and associates, both current and former; . . . within forty-five (45) days of entry of this order, defendant must provide evidence of his compliance with the foregoing paragraph by filing a declaration with this court setting out a complete list of names and addresses of individuals or entities to whom he has mailed a copy of the complaint and injunction in this action." Plaintiff, in its motion filed September 15, 2009, brought to the court's attention that no declaration in compliance timely was filed.

The government's motion was supported by declaration of Shana M. Starnes, trial attorney with the Tax Division of the Department of Justice, who submitted among other things that defendant earlier was noticed that plaintiff would seek court-ordered sanctions against him for contempt. In submission entitled "Declaration of Compliance – Court Order"(DE # 42), filed October 23, 2009, defendant responded that "I have complied with the order by submitting to the IRS my client list," and "by sending communication to my client list via email notification as was previously agreed to by my attorney Frederick Noyes during pre-trial conference."

The declaration lodged by defendant on the docket October 23, 2009, showed some effort on the part of defendant to comply. However, it failed to adhere fully to the court's prior order. Defendant's declaration did not provide "a complete list of names and addresses of individuals or entities to whom he has mailed a copy of the complaint and injunction," as required by this court's March 9, 2009 order.

After hearing November 16, 2009, order was entered setting forth the court's findings of fact and its determination that defendant be held in civil contempt. The court imposed a daily fine of $500.00 against defendant until a declaration was filed with the court as ordered and, moreover, that should defendant fail to fully comply with the court's earlier order, in the one entered November 18, 2009, served on defendant Wednesday, November 19, 2009, after fourteen (14) days, defendant would be taken into custody and incarcerated to coerce defendant's compliance.

In his motion now before the court, postmarked the day after he was served with the court's order on contempt November 20, 2009, defendant indicates he misplaced notice of the hearing date and time. He offers what are termed as corrections to the earlier declaration in the form of "Exhibit A", which appears as a printed list extending fourteen (14) pages, of individuals' names, telephone

2

Case 5:07-cv-00117-FL   Document 49   Filed 12/29/09   Page 2 of 3

numbers, email addresses, social security numbers, and places of residence. Defendant refers to this as additional information bringing himself now into compliance with the court's prior order. Upon court initiative, where his submission included social security numbers, the motion was sealed on the record.

Hearing nothing further from the government as to this matter, where it appears from the general tenor of the parties' underlying discourse that there was some agreement as between counsel during negotiations earlier this year that defendant could, in lieu of street address information, present his customers' email addresses in satisfaction of the court's order, under all of the circumstances of this case, in the court's discretion, defendant is relieved now of the court sanctions and shall pay nothing. In these parts, the motion is ALLOWED.

SO ORDERED, this the 29th day of December, 2009.

LOUISE W. FLANAGAN
Chief United States District Court Judge

3